UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE H. MARTIN, JR.,<br>　　　　Petitioner,<br><br>SHAWN HATTON, Warden,<br>　　　　Respondent. | NO. CV 18-09099-JSL (AGR)<br><br><br>ORDER TO SHOW CAUSE |

Petitioner, a state inmate, has filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") under 28 U.S.C. § 2254. To the extent that Petitioner is challenging the 1992 convictions or sentencing, Petitioner would need to show cause, on or before *December 6, 2018,* as to why the court should not dismiss the Petition for lack of jurisdiction based on Petitioner's failure to meet the "in-custody" requirement. To the extent that Petitioner is challenging the 1997 convictions or sentencing, Petitioner would need to show cause, on or before *December 6, 2018,* as to why the court should not: (1) recommend dismissal of the Petition with prejudice as barred by the statute of limitations; or (2) summarily dismiss the Petition as successive.

# I.
# **PROCEDURAL BACKGROUND**

## A. Petitioner's 1992 Convictions and Sentence

On September 9, 1992, Petitioner accepted a plea deal on two counts of second degree robbery in case number KA013534. (Dkt. No. 1 at 41, 44-48.) Petitioner received a total of seven years in prison. (Dkt. No. 1 at 42, 48.)

## B. Petitioner's 1997 Convictions and Sentence

On August 28, 1997, a Los Angeles County Superior Court jury found Petitioner guilty of two counts of second degree robbery in violation of California Penal Code Section 211. (Case No. K034329.) The Superior Court found true firearm allegations and prior felony convictions. On September 17, 1997, Petitioner was sentenced to a term of 67 years and four months in prison pursuant to California's "Three Strikes" law. (*Martin v. Castro*, CV No. 99-12353-ABC (AN), Dkt. No. 28 at 2-3.)

Petitioner appealed to the California Court of Appeal, which affirmed the judgment in full on September 25, 1998. (Case No. B116250).[1]

On October 27, 1998, Petitioner filed a petition for review with the California Supreme Court, which denied the petition on December 2, 1998. (Case No. S074381.)[2]

Petitioner alleges that he filed a petition for certiorari in the United States Supreme Court in case number S248822. (Dkt. No. 1 at 5.)

On November 29, 1999, Petitioner filed a federal habeas petition in this

---

[1] Information accessible on the California Appellate Court website at: http://appellatecases.courtinfo.ca.gov/search/case/disposition.cfm?dist=2&doc_id=1054797&doc_no=B116250&request_token=NiIwLSIkXkg%2BWzBJSCM9WEJIQEQ6USxfIiM%2BTz9TMCAgCg%3D%3D.

[2] Information accessible on the California Appellate Court website at: http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=1806112&doc_no=S074381&request_token=NiIwLSIkXkg%2BWzBJSCM9TE5IUDg0UDxbJCNeSzJTICAgCg%3D%3D.

court.  (*Martin v. Castro*, CV No. 99-12353-ABC (AN)  ("*Martin I*"), Dkt. No. 1.) The District Court denied the petition and dismissed the action with prejudice on October 30, 2002.  (*Martin I*, Dkt. No. 35.)

On February 25, 2003, Petitioner requested a Certificate of Appealability, pursuant to 28 U.S.C. § 2253, which the District Court denied on March 5, 2003. (*Martin I*, Dkt. No. 41.)

On May 7, 2003, the Ninth Circuit denied Petitioner's request for a Certificate of Appealability.  (*Martin I*, Dkt. No. 45.)

On August 25, 2017, Petitioner filed a habeas petition in the Los Angeles County Superior Court, which denied the petition on January 12, 2018.[3]  (Dkt. No. 1 at 57.)

On February 23, 2018, Petitioner filed a petition for habeas corpus with the California Court of Appeal, which summarily denied the petition on March 22, 2018.  (Case No. B288299.)[4]

### C.  The Federal Habeas Petition in this Case

On October 12, 2018, Petitioner constructively filed the instant Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, with this court.  (Dkt. No. 1.)  The Petition appears to attack the 1992 convictions.  (Dkt. No. 1 at 2.) However, Petitioner's grounds for relief attack the 1997 convictions.  (Dkt. No. 1 at 4-5.)  In the habeas petition, Petitioner raised the following three grounds for relief: (1) sentencing error on September 17, 1997, based on finding two strikes from the 1992 convictions; (2) ineffective assistance of trial counsel for failing to

---

[3] According to the Superior Court, Petitioner filed "several prior petitions for habeas relief and failed to raise the claims raised in the current petition."  (Dkt. No. 1 at 58.)  However, Petitioner failed to include a listing of these prior habeas petitions.

[4] Information accessible on the California Appellate Court website at: http://appellatecases.courtinfo.ca.gov/search/case/disposition.cfm?dist=2&doc_id=2244715&div=3&doc_no=B288299&request_token=NiIwLSIkXkg%2BWzBJSCM9TExJQDg6USxTKyBeTzNRICAgCg%3D%3D.

3

argue that the 1992 convictions should count as one strike; and (3) the California Supreme Court's decision in *People v. Vargas*, 59 Cal.4th 635 (2014), requires that the 1992 convictions be counted as one strike. (Dkt. No. 1 at 4-5, 14.)

## II.
## **IN CUSTODY REQUIREMENT**

This court would not have jurisdiction over Petitioner's claims if he fails to satisfy § 2254(a)'s "in custody" requirement.

Subject matter jurisdiction under § 2254 is limited to people "in custody pursuant to the judgment of a State Court." 28 U.S.C. § 2254(a). A federal court has jurisdiction to consider habeas petitions from prisoners challenging state court judgments only if that person is "in custody" under the sentence or conviction at the time the petition is filed. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001). If a prisoner's sentence is fully expired, he is precluded from challenging that conviction because he is no longer in "custody" for purposes of federal habeas review. *Id*. at 401-403.

In Ground One, Petitioner argues that on September 17, 1997, a Los Angeles County Superior Court impermissibly applied a third strike towards his sentence (in case number KA034329) based upon the two strikes Petitioner received in 1992 (in case number KA013534). (Dkt. No. 1 at 4, 14.) According to Petitioner, the two strikes in the 1992 case stemmed only from the commission of a robbery on a single victim. (Dkt. No. 1 at 4.) In Ground Two, Petitioner similarly claims that trial counsel was ineffective for failing to argue that the two strikes from 1992 were inappropriately used to enhance his sentence in 1997 because he was "only charged for the commission of a robbery on a single victim in 1992." (Dkt. No. 1 at 4-5.)

To the extent that Petitioner challenges the 1992 convictions or sentencing, he would not meet the "in-custody" requirement because Petitioner has fully served the sentence he received pursuant to the 1992 judgment. A prisoner

cannot use Section 2254 or 2255 to challenge the constitutionality of an otherwise expired prior conviction used to enhance a current sentence. *Coss*, 532 U.S. at 396 ("relief is generally unavailable to a state prisoner through a petition for a writ of habeas corpus when the prisoner challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the petitioner is no longer in custody.")

Moreover, Petitioner's argument that the 1992 convictions are based on a single victim stems from a misreading of the sentencing transcript. On September 9, 1992, Petitioner pled no contest to Count 1 for second degree robbery of the victim Raphael Genece, and pled no contest to Count 2 for second degree robbery of the victim Tomas Arellano. (Dkt. No. 1 at 41, 44-45.) Petitioner was originally charged with three counts of second degree robbery, but one count was dismissed at the preliminary hearing, leaving the remaining two counts of second degree robbery. At the sentencing hearing, Count 3 was simply renamed Count 2 and Petitioner ultimately pled "no contest" to both counts of second degree robbery.[5] (Dkt. No. 1 at 41, 44-46, 48.) Petitioner's contention

---

[5] The following excerpts from the sentencing hearing transcript confirm that Petitioner pled "no contest" to two counts of second degree robbery on September 9, 1992:

| | |
|---|---|
| The Court: | Mr. Martin you are charged in Count 1 of the information on June 16, 1992 with a violation of penal code section 211, a felony, second degree robbery. As to that charge, how do you plead? |
| Defendant Martin: | No contest. |
| The Court: | It's further alleged that you have previously been convicted of a felony, that felony being a conviction under 667.5 of the Penal Code, an additional year in the state prison as to that charge or that allegation. How do you plead? |
| Defendant Martin: | No contest. |
| The Court: | You are charged in count 2 of the information with a violation of second degree robbery, 211 of the penal code on June 26, 1992. As to that charge, how do you plead? |

that there was a single victim and only one valid count of second degree robbery in 1992 appears to be an incorrect reading of the transcript.

Accordingly, to the extent that Petitioner challenges the 1992 convictions or sentencing, this court would lack jurisdiction to consider the Petition.

## III.

## **STATUTE OF LIMITATIONS**

The instant Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

To the extent Petitioner challenges the 1997 convictions or sentence, the AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). The court must analyze the statute of limitations on a claim-by-claim basis. *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012).

**A.     The Date on Which Conviction Became Final – § 2244(d)(1)(A)**

To the extent Petitioner is challenging his conviction in case number KA034329, Petitioner was sentenced on September 17, 1997.[6] (Dkt. No. 1 at 13.) Petitioner's conviction became final on March 4, 1999, 90 days after the California Supreme Court declined review on December 2, 1998, in case number

---

        Defendant Martin:       No contest.
(Dkt. No. at 41.)

    [6] Case docket information accessible at: http://www.lacourt.org/criminalcasesummary/ui/Selection.aspx.

6

S074381.[7]  *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).  Absent tolling, the statute of limitations would have expired one year later on December 2, 1999.

### 1. Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Petitioner has not demonstrated that he is entitled to statutory tolling because he does not contend that he filed any state habeas petitions challenging his 1997 conviction before expiration of the limitations period on December 2, 1999.  A state petition filed after the expiration of the federal limitations period does not restart the statute of limitations.  *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).  Moreover, Petitioner attached a copy of a decision from a Los Angeles County Superior Court denying Petitioner's state habeas petition.  (Dkt. No. 1 at 57-58.)  On January 12, 2018, the Superior Court, in relevant part, denied the claims raised in the state habeas petition as untimely.  (Dkt. No. 1 at 58.)  An untimely state habeas petition does not toll the limitations period for a federal habeas petition.  *Lakey v. Hickman*, 633 F.3d 782, 785-86 (9th Cir. 2011).

### 2. Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling."  *Holland v. Florida*, 560 U.S. 631, 634 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'"  *Id.* at 653  (citations

---

[7] Even assuming Petitioner filed a petition for certiorari in the United States Supreme Court, the petition would still be barred by the statute of limitations.

7

and quotation marks omitted.)

The Petition does not allege, and there is no indication in the record that, Petitioner is entitled to equitable tolling.

### B. State Created Impediment to Filing – § 2244(d)(1)(B)

Subsection B of Section 2244(d)(1) does not furnish a later accrual date. The Petition does not allege, and there is no indication in the record that, Petitioner was subjected to any illegal conduct by the state or those acting for the state that "made it impossible for him to file a timely §2254 petition in federal court." *See Ramirez v. Yates*, 571 F.3d 993, 1000-01 (9th Cir. 2009). Therefore, Subsection B is inapplicable.

### C. Date on Which Constitutional Right Asserted was Recognized by the Supreme Court – § 2244(d)(1)(C)

Subsection C of Section 2244(d)(1) does not furnish a later accrual date. Under 28 U.S.C. § 2244(d)(1)(C), the limitations period shall run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." The one-year statute of limitations "runs from the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Dodd v. United States*, 545 U.S. 353, 357-60 (2005).

In Ground Three, Petitioner appears to allege that *People v. Vargas*, 59 Cal.4th 635 (2014), constitutes a new ruling and change in the law which renders the Petition timely. (Dkt. No. 1 at 5,14.) In *Vargas*, the California Supreme Court held that, under California's Three Strikes Law, Vargas' case was one of the "extraordinary" cases where the nature and circumstances of the defendant's prior strikes required dismissal of one of the strikes because Vargas' two prior "strike" convictions were based on the same act committed at the same time

against a single victim. *Vargas*, 59 Cal.4th at 649.

Subsection C does not apply because Petitioner has failed to assert any claim based on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Petitioner relies on a California Supreme Court decision, not a constitutional right recognized as retroactive by the United States Supreme Court. *See Shavers v. Fox*, 2017 WL 467841 at *4 (N.D. Cal. Feb. 3, 2017) ("Only the United States Supreme Court can announce a "new rule" under 28 U.S.C. § 2244(d)(1)(C)" and the "California Supreme Court's decision in *Vargas* did not recognize a new constitutional right under 28 U.S.C. § 2244(d)(1)(C)"); *Rettman v. Fisher*, 2017 WL 1375201 at *3 (E.D. Cal. Apr. 17, 2017) (*Vargas* offers petitioner no federal habeas relief); *Parker v. Price*, 2016 WL 8732351, at *3 (C.D. Cal. Sept. 15, 2016), report and recommendation adopted, 2016 WL 8738201 (C.D. Cal. Oct. 28, 2016) (the United States Supreme Court has not held that *Vargas*, which was a non-constitutional decision, applies retroactively on federal habeas review.). Therefore, Petitioner is unable to demonstrate that Subsection C provides a later date for relief.

### D. Date of Discovery – 28 U.S.C. § 2244(d)(1)(D)

Section 2244(d)(1)(D) does not furnish a later accrual date. Under Subsection D, the statute of limitations may also start to run on the date a petitioner discovered (or could have discovered) the factual predicate for a claim. 28 U.S.C. § 2244(d)(1)(D). The time starts to run when the petitioner knows or through diligence could discover the factual predicate, not when the petitioner realizes their legal significance. *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

Petitioner does not allege, and there is no indication in the record that, the factual predicate of the claim presented could not have been discovered through the exercise of due diligence before his conviction became final. *Shavers*, 2017

WL 467841, at *4 ("*Vargas* did not constitute a "factual predicate" under 28 U.S.C. § 2244(d)(1)(D))" (citations omitted); *Parker*, 2016 WL 8732351, at *3 ("To the extent Petitioner contends that *Vargas* constitutes a "vital fact" entitling Petitioner to delayed accrual, any such contention lacks merit, and the *Vargas* decision is not a "vital fact" within the meaning of section 2244(d)(1)(D)."). Therefore, Subsection D is inapplicable.

## IV.
## SUCCESSIVE PETITION AS TO 1997 CONVICTIONS

To the extent Petitioner is challenging the 1997 convictions or sentences, the petition may be dismissed as successive.

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation omitted).

Here, the petition appears successive since Petitioner is challenging the same conviction and sentence imposed by judgment of the state court in *Martin I*. In terms of federal proceedings, on November 29, 1999, Petitioner filed a Petition for Writ of Habeas Corpus in this court challenging the 1997 convictions or sentencing. (*Martin I*, Dkt. Nos. 1-28). On October 30, 2002, the District Court denied the petition and dismissed the action with prejudice. (*Martin I*, Dkt. No. 34-35.) On March 5, 2003, the District Court denied Petitioner's request for a Certificate of Appealability and the Ninth Circuit denied Petitioner's request for a

Certificate of Appealability on May 7, 2003. (*Martin I*, Dkt. No. 41-45.)

Because Petitioner is filing a second petition for relief, he must first obtain circuit court permission. The Petition does not allege, and there is no indication in the record that, Petitioner has received a leave to file a second or successive petition from the Ninth Circuit. If Petitioner does not obtain an order authorizing him to file a second petition, this court does not have jurisdiction to entertain the habeas petition. *Burton*, 549 U.S. at 153-154.

## V.

## **ORDER TO SHOW CAUSE**

IT IS THEREFORE ORDERED that on or before **December 6, 2018,** Petitioner shall show cause as to whether Petitioner is challenging the sentences or convictions from 1992 or 1997.

To the extent that Petitioner is challenging the 1992 convictions or sentencing, Petitioner would need to show cause as to why the court should not dismiss the Petition for lack of jurisdiction based on Petitioner's failure to meet the "in-custody" requirement.

To the extent that Petitioner is challenging the 1997 convictions or sentencing, Petitioner would need to show cause as to why the court should not: (1) recommend dismissal of the Petition with prejudice as barred by the statute of limitations; or (2) summarily dismiss the Petition as successive, but without prejudice as to Petitioner's ability to seek authorization from the Ninth Circuit Court of Appeals for leave to file a second or successive petition.

**If Petitioner fails to respond to this order to show cause by *December 6, 2018*, the Petition may be dismissed.**

DATED: November 6, 2018

_____
ALICIA G. ROSENBERG
United States Magistrate Judge